

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 7, 1947 Affirmed by R-1992

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin 14, Texas

Opinion No. V-296

Attention: Hon. G. Y. Keetch,
Actuary

Re: The legality of
chartering a life
insurance company
under Art. 4752,
V.C.S., to issue
annuities.

Dear Sir:

In conjunction with the submission of Articles of Incorporation of the Community Life Insurance Company of San Benito, Texas, for approval and certification by the Attorney General under the provisions of Chapter 3, Title 78, V. C. S., you request an opinion as follows:

> "In our review of the instruments we noted the stated purposes of the proposed corporation to be, in part, 'to grant, purchase and dispose of annuities.' Article 4752 stated that companies organized under its provisions 'may issue, combined or separately, life, accident or health insurance policies. . .' Is the issuance of annuity contracts within the meaning of these provisions?"

As a general rule the courts have held that insurance does not include annuity contracts. The two are different and clearly distinguishable. This is succinctly stated in the case of Daniel, et al v. Life Insurance Company of Virginia (Civ. App., Austin), 102 S. W. (2d) 256, as follows:

> "From a careful examination of the authorities upon the subject, it is quite manifest that in general parlance insurance does not include contracts of annuity. This has been the invariable holding wherever the subject has reached the court for decision."

While annuity contracts are different from insurance contracts, nevertheless a company with charter power to issue both types of contracts would be within the meaning of the provisions of the quoted language of Article 4752.

In order to gain the clear intent of the Legislature, we must look not only to the language quoted from Article 4752, but also to the provisions of the other Articles under Chapter 3, Title 78. We have examined the entire Chapter and find no prohibition, express or implied, which precludes a company such as this one from issuing annuity contracts. Rather, we find express recognition by the Legislature that such companies will engage in the business of annuity contracts. Article 4716, Chapter 3, Title 78, V. C. S. provides in part:

"A life insurance company shall be deemed to be a corporation doing business under any charter involving the payment of money or other thing of value, conditioned on the continuance or cessation of human life, or involving an insurance, guaranty, contract or pledge for the payment of endowments or annuities." (Emphasis supplied.)

The Legislature by this definition shows a clear intent that this meaning shall pervade the entire Chapter and shall be applied wherever the term "life company" is used. Thus the language quoted from Article 4752, Chapter 3, Title 78 reading: ". . . may issue, combined or separately, life, accident or health policies. . . ." includes the issuance of annuity contracts, since such business is expressly a part of the business of companies operating under Chapter 3, Title 78, V.C.S.

## SUMMARY

An insurance company organized under Chapter 3, Title 78, V. C. S., with a charter purpose among others to "grant, purchase and dispose of annuities" is within the meaning of the provisions of Article 4752, V. C. S., reading: "may issue, combined or separately, life, accident or health insurance

policies. . . ." Art. 4716, Chapter 3, Title 78, V. C. S.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Charles E. Crenshaw
        Assistant


APPROVED

ATTORNEY GENERAL

CEC:rt:jrb